[No. 4036.]

## CONTINENTAL TRUST COMPANY ET AL. V. PATTERSON ET AL.

1. JURISDICTION—*Of the Subject Matter.* Mortgage creditor filed in Weld District Court a bill to foreclose the mortgage. A month later, in the Denver District Court, receivers were appointed for a railway company which was equitably entitled to the mortgaged premises. *Held,* by the filing of the foreclosure bill the Weld District Court acquired jurisdiction of the subject matter of the litigation, and might lawfully proceed to decree foreclosure. (188)

2. APPEARANCE—*Effect.* It seems that where a receiver answers a complaint, filed in a court other than that in which he was appointed, making no objection to the jurisdiction, he will not be heard to afterwards question the jurisdiction upon the ground that the consent of the court of appointment has not been obtained. (188)

3. PLEADING—*Prayer,* in a bill of foreclosure, for "such further relief as may be meet and agreeable to equity," warrants a personal judgment against the mortgagee for any deficiency in the proceeds of the sale of the mortgaged lands. (189)

4. —— *Other Action Pending.* Mortgage creditor having instituted in Weld District Court a bill of foreclosure, afterwards filed in Denver District Court a claim against the receivers of a railway company, for the mortgage moneys. The receivers were defendants in the foreclosure bill. Not having filed in that suit any plea of another action pending, or otherwise called attention to the mortgagee's claim in the Denver court, the receivers were held to have waived the irregularity. (189)

The court observed that the receivers, by motion in the Denver court might obtain adequate relief. (190)

*Error to Weld District Court.* HON. NEIL F. GRAHAM, Judge.

Mr. GEORGE L. NYE, MR. W. W. GARWOOD for plaintiffs in error.

Mr. R. E. WINBOURN for defendants in error.

CUNNINGHAM, P. J.

This was an action brought by W. R. Patterson and others, who were trustees of the Elks Lodge at Greeley, to foreclose a trust deed which had been given them in their representative capacity, as security for a balance due on the purchase price of certain lots, the action being brought against W. L. Clayton, as trustee, who, as trustee, had given the trust deed in question. It developed on the trial that Clayton was trustee for the Denver, Laramie and Northwestern Railroad Company, and at the time the Elks Lodge sold the lots to Clayton, as trustee, he, Clayton, was really taking the title for said railroad company. Afterwards Patterson, and the other trustees of the Elks Lodge, who were the plaintiffs, by petition, brought in the railroad company and the Continental Trust Company and Marshall B. Smith, who, after the filing of the original complaint, had been appointed by the Denver District Court as receivers for the railroad company. Upon the petition filed by Patterson and the other trustees of the Elks Lodge, the court made an order permitting the railroad company and its receivers to "appear and defend in the suit, if they so desire, to set forth their respective claims." The railroad company and its receivers were served with summons, filed verified answers, and made a general appearance, without in any manner objecting to the jurisdiction of the Weld County District Court. The case was tried on its merits, the receivers being represented on the trial by an attorney, as was the railroad company. Judgment was rendered in favor of the plaintiffs, trustees of the Elks Lodge, in the ordinary form, and in favor of L. E. Armstrong, who in the meantime had intervened, for the reason that he had what was in effect a second mortgage on the real estate. But the judg-

ment in favor of Armstrong was made subordinate or junior to the plaintiffs' judgment. The Continental Trust Company and Marshall B. Smith, receivers of the railroad company, sued out a writ of error to the judgment, and brought the case here for review. Later Hugh U. Wallace was substituted for Smith as receiver. This is not a complete, but a sufficient statement for the purpose of considering such assignments of error as we think require notice.

Plaintiffs in error challenge the jurisdiction of the District Court of Greeley, "upon the ground that all of the assets of the Denver, Laramie and Northwestern Railroad Company were under the control of the District Court of Denver, through receivers." They also deny the authority of the Weld County District Court to interfere with the receivers' property held in the custody of said court. In other words, by their assignments of error, plaintiffs in error contend that the property which the defendants in error are seeking to reach by this foreclosure proceeding was *in custodia legis*. In this connection, it will be remembered that, as to plaintiffs, their rights were initiated by filing their bill more than a month before the receivers were appointed. Therefore, so far as plaintiffs were concerned, proper jurisdiction of the subject matter was obtained long before the District Court of the City and County of Denver took control of the affairs of the railroad company, through its receivers. The receivers, as we have seen, voluntarily entered their appearance in this cause in the Weld County District Court, without any attempt to challenge the jurisdiction of that court. It would seem that where a receiver answers a complaint filed in another court, submits to the jurisdiction of the trial court, and makes no objection thereto, he thereby waives the right thereafter to object to the jurisdiction on the ground that the consent of the court appointing him had not first been had and obtained.—*St. Joseph & Denver R. R. Co. v. Smith*, 19 Kans. 225. There is no contention whatever as to the justness of

the judgment in favor of the plaintiffs, and no reason can be perceived for disturbing the same as to them.

What we have said with reference to the status of the defendants in error, the lodge trustees, applies with equal force to Armstrong, the intervenor, with this exception: It appears that the intervenor did not specifically pray for relief against the railroad company, and did not ask for money judgment against the receivers, that is to say, the prayer of the intervenor's petition did not specifically ask for a deficiency judgment, whereas the decree provided, among other things, that the said intervenor should have and recover of and from the said defendant, the Denver, Laramie Realty, Company, the sum of $1,068.79, and costs, and a like decree was given against other original makers or assignors of the particular notes which Armstrong held. Personal judgment in like form was given against the receivers of the railroad company, as receivers, in favor of the intervenor. But by his prayer the intervenor asked for "further relief as may be meet and agreeable to equity," etc. Under such prayer, we think a personal or deficiency judgment may be sustained, where the allegations of the complaint and the proof warrant.

It also appears that Armstrong, the intervenor, after having filed a petition of intervention in this cause, also filed his sworn claim before the receivers of the railroad company, and it is contended on behalf of the receivers that said claim, being the same as the one Armstrong sues on in this action, was in process of adjudication in the District Court of Denver, when the decree in this case was entered. Upon these allegations, which were established, it is contended that the intervenor, having submitted his claim to the jurisdiction of the Denver District Court, could not have it adjudicated in the Weld District Court. Perhaps it was irregular for the intervenor to file his claim in the receivers' proceeding, after he had intervened in this suit, but since the receivers appear to have interposed no plea of another suit pending, or otherwise called the court's attention to the matter, we think this

irregularity was waived. Moreover, if the receivers feel aggrieved by the action of the intervenor in filing his sworn claim in the receivers' proceeding, we apprehend they can, now that the said claim has gone to judgment in this proceeding, secure speedy and adequate relief by a motion filed in the receivership proceeding to strike the intervenor's claim from the files, for the reason that it has been adjudicated in this proceeding.

Other contentions were made on the trial, which we do not regard as vital, and still others covered by assignments of error were abandoned by plaintiffs in error in their brief.

Perceiving no error prejudicial to the substantial rights of the plaintiffs in error, the judgment of the trial court is affirmed.

*Judgment Affirmed.*